IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DIANE SHEARS**                                                                **PLAINTIFF**

vs.                                                  No. 1:24-cv-5904

**AMERICAN PUBLIC DEFENSE, INC.,**                              **DEFENDANT**
**and LEWIS BROWN**

**ORIGINAL COMPLAINT**

Plaintiff Diane Shears ("Plaintiff"), by and through her attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint ("Complaint") against Defendant American Public Defense, Inc., and Lewis Brown (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA, the IMWL and the IWPCA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the IMWL and the IWPCA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Lake County.

7. Separate Defendant American Public Defense, Inc. ("APD"), is a domestic, for-profit corporation.

8. APD's registered agent for service of process is Lewis Brown at 3430 Flossmoor Road, Flossmoor, Illinois 60422.

9. Separate Defendant Lewis Brown ("Brown") is an individual and resident of Illinois.

10. Defendant maintains a website at https://apdsecurity.com/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Lewis is a principal, director, officer, and/or owner APD.

15. Lewis, in his role as an operating employer of APD, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

16. Lewis took an active role in operating APD and in the management thereof.

17. Defendant owns and operates a security company.

18. Defendant employed Plaintiff as a Security Officer from July of 2021 until December of 2021.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, the IMWL and the IWPCA.

20. At all times material herein, Plaintiff has been misclassified by Defendant as exempt from the overtime requirements of the FLSA and the IMWL and was paid an hourly wage.

21. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding her employment.

22. Defendant classified Plaintiff as an independent contractor.

23. Plaintiff's work followed the usual path of employer-employee relationships; Defendant treated her as an independent contractor only for tax purposes and for Defendant's convenience.

24. Defendant, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated her as an employee.

25. Defendant set Plaintiff's schedule. Plaintiff was required to arrive at work at specific times and remain until her scheduled shift was over.

26. When Plaintiff was tardy arriving to a shift, Defendant would discipline her, such as "fining" her (e.g., deducting money from her next paycheck, sometimes as much as $300 per fine).

27. Defendant expected Plaintiff to follow Defendant's policies regarding her employment.

28. Plaintiff was required to complete the tasks Defendant assigned to her or risk being disciplined, including termination.

29. Plaintiff did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

30. Plaintiff did not exercise discretion and independent judgment with respect to any matters of significance.

31. Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

32. Plaintiff did not select any employees for hire, nor did she have any ability to fire employees.

33. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

34. Defendant required Plaintiff to wear a uniform.

35. Defendant determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

36. Defendant set prices for services without input from or negotiation with Plaintiff.

37. Defendant made decisions on advertising Defendant's business without Plaintiff's input.

38. Defendant made decisions on what new business to pursue or take without Plaintiff's input.

39. Plaintiff did not negotiate contracts or prices with Defendant's customers.

40. Defendant directed Plaintiff in her work.

41. Plaintiff had no opportunity to share in Defendant's profits.

42. Plaintiff did not share in Defendant's losses.

43. Plaintiff's had no investment in Defendant's business or operations.

44. At Defendant's direction, Plaintiff recorded her time via paper timesheet or, at some locations, would call in to Defendant to clock in and out.

45. Plaintiff regularly worked over 40 hours in a week.

46. Defendant paid Plaintiff her regular hourly rate for all hours worked.

47. In other words, Defendant did not pay Plaintiff an overtime premium for hours worked over 40 each week.

48. Defendant regularly "fined" Plaintiff for various offenses such as arriving late to work.

49. Defendant sometimes deducted so much money from Plaintiff's paycheck that her constructive hourly rate fell below the applicable minimum wage.

50. Defendant set Plaintiff's schedule but required her to arrive at work approximately an hour before her shift was scheduled to start.

51. Plaintiff was not allowed to clock in until her shift was scheduled to start.

52. Because of Defendant's policy of requiring Plaintiff to arrive early to her shift but not allowing her to clock in, Plaintiff worked hours which went unrecorded.

53. Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

54. Defendant knew or should have known that it did not pay Plaintiff sufficient compensation for all the hours she worked.

55. For example, the week of December 20, 2021, Defendant deducted approximately $1,000 from Plaintiff's check, which was originally supposed to be approximately $1,600. Therefore, Plaintiff received approximately $600 for two weeks of work. Because Plaintiff worked over 40 hours in each week, Defendant failed to pay sufficient minimum wage or overtime premium pay to Plaintiff during this week.

56. Defendant knew or showed reckless disregard for whether their actions violated the FLSA.

## V. FIRST CLAIM FOR RELIEF—FLSA VIOLATION

57. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

61. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

62. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

63. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

64. Defendant knew or should have known that its actions violated the FLSA.

65. Defendant's conduct and practices, as described above, were willful.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

67. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF—IMWL VIOLATION

69. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

71. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

72. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

73. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

74. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

75. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. THIRD CLAIM FOR RELIEF—IWPCA VIOLATION

78. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

79. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

80. At all times relevant herein, Plaintiff was the "employee" of Defendant within the meaning of the IWPCA.

81. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

82. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee

by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

83. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

84. Defendant did not pay Plaintiff all wages and final compensation due.

85. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

86. Defendant knew or should have known that its actions violated the IWPCA.

87. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Diane Shears respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the IMWL, the IWPCA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

D. An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DIANE SHEARS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*/s/ Sean Short*
Sean Short
Ark Bar No. 2015079
sean@sanfordlawfirm.com